UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN FIGURES, JR.,

       Plaintiff,                                      Case No: 1:10-cv-430

v                                                        HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision denying in part and granting in part Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act (Dkt 11). The matter is presently before the Court on Plaintiff's objections to the R & R (Dkt 12). Defendant has filed a Response (Dkt 13).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred in supplementing the Administrative Law Judge's (ALJ's) rationale for failing to give controlling weight to the opinion of Plaintiff's treating physician, Dr. Bolan. Plaintiff asserts that the Magistrate Judge improperly made additional findings of fact to bolster the insubstantial findings by the ALJ, and that a proper assessment of Dr. Bolan's

opinions shows that ALJ improperly rejected the opinions (including that Plaintiff was limited to standing or walking no more than two hours in an eight-hour workday, he would have three to four work absences a month due to pain medication, and he was required to elevate his feet above heart level several times a day, which limited him to sit-down work).

Plaintiff's argument is without merit. The Magistrate Judge considered the record in accordance with the proper legal standards under the treating physician doctrine (R & R at 13-15). The Magistrate Judge properly concluded that the medical evidence fails to support the limitations expressed by Dr. Bolan and, accordingly, there was substantial evidence to support the ALJ's decision to afford less than controlling weight to his opinion regarding Plaintiff's limitations (*id*. at 15). That Plaintiff chooses to credit differing medical reports does not undermine the Magistrate Judge's analysis or conclusion. Further, the Court does not accept Plaintiff's assertion that any medical evidence post-dating his December 16, 2005 disability date cannot be considered in assessing Dr. Bolan's opinions. As Defendant points out, Plaintiff's reasoning is flawed because the December disability date was based on Plaintiff attaining the age of 55 as opposed to his medical condition at that time (*see* R & R at 12).

Plaintiff also argues that the Magistrate Judge erred by misquoting the findings in the ALJ's decision, which resulted in an erroneous application of the Medical-Vocational Guidelines. Plaintiff contends that using an accurate description of the residual functional capacity (RFC) assessment would entitle him to an award of disability benefits back to his alleged onset date of November 2, 2002, rather than the date of disability determined by the ALJ of December 16, 2005.

Plaintiff's argument is without merit. This argument is premised on a contention that the ALJ's RFC finding that Plaintiff requires a sit-stand option mandates a classification of a limited

range of sedentary work, not a limited range of light work. Plaintiff cites no authority for this contention. The ALJ expressly found that Plaintiff had the functional capacity to perform a limited range of light work (Tr. 20, 23). Although Plaintiff argues that the Magistrate Judge added a limitation not found by the ALJ regarding six hours of standing and/or walking, this limitation was included in the hypothetical posed by the ALJ on the record (Tr. 405) and subsequently referenced by Plaintiff's counsel (Tr. 407). Plaintiff's complaint that the Magistrate Judge misquoted the findings is questionable.

The ALJ's light work determination was based in part on Plaintiff's daily activities: "The claimant's daily activities suggest that he is capable of performing at least a reduced range of light work activities. He is capable of driving, cooking, shopping, reading, socializing, handling finances, and caring for his personal needs" (Tr. 21 (citing Exhibit 10E)). Plaintiff does not challenge this finding or analysis. The Court finds no basis for concluding that Plaintiff is entitled to benefits under a sedentary work classification.

Plaintiff's objections are properly denied.

**IT IS HEREBY ORDERED** that Plaintiff's objections (Dkt 12) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 11) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion.


Dated:   October  6 , 2011            /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge